WASHBURN, J.
Plaintiff sued defendant for damages for wrongful death, and the trial resulted in a verdict and judgment for defendant.
The case is in this court on error proceedings.
The facts as disclosed by the record are, for the most part, undisputed and are as follows:
At the place of the accident, defendant operated an interur-' ban railway .on a private right-of-way and across a country highway leading to a summer resort, said highway being used much more extensively in the summer than in the winter. At the intersection of the highway and railway, the defendant maintained a building, used as a sub-station and waiting room, which building was located close to the track and close to said highway, which crossed the track at right angles; and said building, to *578 gether with outbuildings, poles, trees and foliage almost completely obstructed the view of a traveler on the highway, going easterly, of a car approaching the intersection from the north, which car, when two thousand feet away, was in a valley, and came in full view of one close to the track at said intersection when about twelve or thirteen hundred feet distant therefrom.
On the day in question, which was in June, plaintiff’s decedent was a passenger in an automobile, she and several other persons in said machine being on their way to the lake on a fishing and picnic expedition. Decedent was in the rear seat and had nothing to do with the operation of the automobile, and no question is made of her being engaged in a joint enterprise with the driver and other occupants of the automobile. As the automobile approached said intersection, it passed along the end of said building and stopped with the front wheels of the auto as close to the track as safety would permit, but said building obstructed the view of the track to the northward of the decedent and others in the rear seat of the auto, except for a short distance.
The testimony is uncontradicted that the occupants of the car looked and listened, and that the driver leaned over the steering wheel and looked north. The testimony is in conflict as to how far down the track the driver could see past the building, but it is apparent that the decedent, after the automobile stopped, could not see the car as well as the motorman could see the front end of the automobile, and it is apparent also that the street car was not where it could be seen by the occupants of the auto before they drew along the side of the building. The auto started ahead and when the rear wheels were in the middle of the track it was hit by a limited car traveling from the north at a speed conceded by the defendant to be thirty-five miles an hour, and claimed by the plaintiff to be at least fifty miles an hour, and the decedent was instantly killed in said collision.
There was a conflict in the testimony as to whether the whistle of the car was blown, but the verdict of the jury compels this court to consider the ease on the theory that the whistle was blown when the car was from twelve to fifteen hundred feet away, and again when from one hundred to one hundred and fifty feet from the crossing; but there is no evidence on the subject of the sounding of any gong.
*579 The negligence charged was excessive and reckless rate of speed; neglect to “sound any whistle or gong;” and failure to maintain proper lookout, failure to stop the car and failure to provide guard or flagman or automatic bell at said crossing, and also failure to stop or abate the speed of the car after those in charge of the car knew !! or in the exercise of ordinary care ought to have known of the dangerous predicament of the decedent.”
The defense was denial of negligence of the defendant and the claimed contributory negligence of decedent.
We find that there was no prejudicial error in the admission or rejection of evidence.
The claimed error which is most strongly argued here arises upon the charge of the court before argument, given at the request of the defendant, and upon the general charge of the court.
Plaintiff’s decedent was not charged in the answer with being engaged in a joint enterprise and therefore chargeable with the negligence of the driver.
The contributory negligence charged in the answer against the decedent who was riding as the guest of the driver of the auto, although not specified in the answer, was, under the law, her failure to exercise ordinary care for her safety and to reasonably use her faculties of sight and hearing to observe and avoid .the dangers incident to crossing such track. Toledo Rys. & Light Co. v. Mayers, 93 Ohio St. 304 [112 N. E. 1014],
Under these circumstances the negligence of the driver was important only in the event the jury should find that the accident was due solely to his negligence; and if plaintiff’s decedent was not guilty of contributory negligence plaintiff was entitled to recover if defendant was negligent, and the driver’s negligence combined with the negligence of the defendant to cause the injury.
This view of the law is expressed in the general charge of the court near the bottom of page 221 of the record, and before argument and as a part of the general charge also the jury was told that the negligence of the driver could not-be imputed to said decedent. But complaint is made that this statement of the law is in conflict with statements of the law contained in special requests given before argument at the request of the defendant, and also with later statements in the general charge of the court. *580 At the request of the defendant, the jury was charged before argument as follows:
“4. I instruct you that as between a person about to cross over an interurban railroad at a crossing, and an interurban car approaching such a crossing, the interurban ear has the right of way. This is because a person can stop within a few feet and the car can not.
“5. If you find from the evidence that the obstructions at and about the crossing and the noises of the moving automobile in which Mary Baus was riding were such that she could not without stopping have heard the approach of the ear, coming from the direction from which the one with which she was struck came, and that she knew or in the exercise of ordinary care on her part ought to have known that such were the conditions, and if you further find that if she had stopped, looked and listened first before riding onto the tracks of defendant company, she would have heard and seen the car which struck her and avoided the collision; and if you also find that the said Mary Baus, without reasonable excuse therefor, did not stop, loolc and listen, but drove onto the tracks without taking this precaution and was killed, then the said Mary Baus was guilty of contributory negligence and the plaintiff cawnot redover in this action but your verdict should be for the defendant.”
And in the general charge, the court used this language:
‘ ‘ So the question is, gentlemen, when we come back to that, did the plaintiff exercise ordinary care, or did the defendant exercise ordinary care, or were they guilty of want of ordinary care when they drove upon that crossing, and if so, was that the proximate cause of the injury to the decedent, the wife of the plaintiff in this action?”
These instructions of the court were given, notwithstanding the fact that all of the testimony was to the effect that the driver of the automobile stopped the same just before going upon the track, and that he and all the other occupants of the car looked and listened, and we feel that these instructions ignored the position of plaintiff’s decedent as a guest in the automobile; charge her with the duties of the driver and visit upon her the consequence of her negligence. In addition to the foregoing the duties of the driver were repeatedly referred to and emphasized in the defendant’s requests given before argument and in the general *581 charge of the court, and in such a way as to probably lead the jury to confuse the duties of the decedent with the duties of the driver; and then when the court had finished the general charge, counsel for the defendant withdrew the charge of contributory negligence against the decedent, and the court said to the jury:
“That simplifies it. You are simply to determine, gentlemen, whether it was caused by the negligence of the driver of the automobile, or by the negligence of the railroad company.”
This instruction assumes that the accident was due either solely to the negligence of the driver, or solely to the negligence of the defendant, whereas it might have been caused by the combined negligence of the defendant and the driver of the automobile ; and in view of all that had been said, the jury may have understood that plaintiff could not recover if the accident was caused by the driver’s negligence combined with the negligence of the defendant, and in the light of the facts which are undisputed we are inclined to the opinion that the jury must have so understood it.
For the reasons stated, we regard the charge as a whole as misleading, to the prejudice of the plaintiff in error. Judgment reversed and new trial granted.
Grant and Dunlap, JJ., concur.